IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ERIC L. EGGERS,

Defendant.

4:22-CR-3133

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 88), moved for a downward departure (filing 89), and moved for a downward variance (filing 91).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)    impose upon the United States the burden of proof on all Guidelines enhancements;

(d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report in two respects. Filing 88. First, he objects to the offense level calculation. Filing 88 at 1. The presentence report set the base offense level at 20, based on (1) the presence of a semiautomatic firearm capable of accepting a large capacity magazine, and (2) the defendant being a prohibited person at the time of the offense. *See* U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) and (ii)(I). And the presentence report includes a 4-level adjustment based on the recovery of 16 firearms from the defendant's residence. *See* § 2K2.1(b)(1)(B). The result, after a 3-level reduction for acceptance of responsibility, is a total offense level 21.

The defendant objects to the factual premises for that calculation. Filing 88 at 1. He admits he was a prohibited person and that he possessed more than 3 firearms, but he denies that the offense involved a semiautomatic firearm capable of accepting a large capacity magazine,

and he claims he only possessed five firearms. Filing 88 at 1. That, he says, means the base offense level should be 14, the adjusted offense level should be 16, and the total offense level should be 13. Filing 88 at 1.

If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this issue on the evidence at sentencing.

The defendant also contends that he possessed the firearms for sporting purposes. Filing 88 at 2. If so—and if the Court agrees with the defendant that he's not subject to § 2K2.1(a)(4)—then pursuant to § 2K2.1(b)(2), the base offense level would be reduced to 6. But on that point, it's the defendant's burden to prove the applicability of guideline sections which would reduce the offense level. *United States v. Benson*, 715 F.3d 705, 708 (8th Cir. 2013). Accordingly, the Court will again resolve this issue on the evidence at sentencing.

Finally, the defendant objects to the criminal history calculation. Filing 88 at 2. Specifically, he contends that no criminal history points should be assessed for his 2012 DUI conviction "because his conviction was in 2012, close to the ten years prior to the instant offense cut-off date, and there is no evidence of criminal behavior between that time and the instant offense." Filing 88 at 2.

But as the saying goes, "close" only counts with horseshoes and hand grenades, and the Guidelines are neither. The defendant doesn't deny the fact of the prior conviction, and hasn't presented the Court with any basis to conclude that the presentence report incorrectly applies the Guidelines to that fact. The defendant's argument that his criminal history category "over-represents" his criminal history is, instead, a basis for departure pursuant to U.S.S.G. § 4A1.3(b)—and, in fact, the defendant has filed a motion for such a departure. Filing 89.

The Court's tentative finding, then, is that the defendant's *objection* to his criminal history calculation is without merit. Rather, the Court will consider his argument in the context of his motion for departure (filing 90)—and more broadly in the context of his motion for variance (filing 91) based on his personal circumstances and the circumstances of the offense. The Court will resolve both those motions at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge